JOSÉ A. DÍAZ BONILLA, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, MANUEL A. MOREDA, JUDGE, Respondent.

No. O-68-284.     Decided November 7, 1969.

*A. De Jesús Matos* and *R. De Jesús Cintrón* for petitioner.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

In the San Juan Part of the Superior Court a complaint claiming damages was filed by Juana Vázquez widow of Velázquez and her minor daughter against José A. Díaz Bonilla. The cause of the action was an alleged unlawful attachment which they claimed caused damages to plaintiffs. The case having been prosecuted defendant José A. Díaz Bonilla filed a third-party complaint against International Credit Agency, Inc., and Manuel Rodríguez Estrada, and after setting forth certain facts, he alleged "that if the plaintiff in due time establishes the allegations comprised in the original complaint and obtains compensation against defendant and third-party plaintiff José A. Díaz Bonilla, this court shall also render judgment against the third-party defendants International Credit Agency, Inc., and Manuel Rodríguez Estrada indemnifying the third-party plaintiff for the damages he may have to satisfy to the original plaintiffs, since if what is alleged in the complaint is true, all third-party defendants or any of them are jointly liable of having acted negligently, illegally and guiltily."

The prayer of the third-party complaint was that judgment be rendered in due time ordering the third-party defendants to satisfy the third-party plaintiff any sum that the latter would be bound to satisfy by way of compensation to the original plaintiffs.

The trial court rendered the following judgment: "In view of the decision in *Marcano Torres* v. *Water Resources Authority*, 91 P.R.R. 635, the third-party complaint is dismissed. Let it be entered and notified."

50

We issued a writ of certiorari to review said judgment.[1] The legal situation present in this appeal is identical with that recently decided by this Court in the case of *Serralta* v. *Martínez Rivera*, 97 P.R.R. 454, decided on June 23, 1969. In the case at bar, as well as in the former, the trial court invoked *Marcano Torres* v. *Water Resources Authority*, judgment of January 20, 1965, 91 P.R.R. 635. In the *Serralta* case we explained the judgment rendered in *Marcano, supra*, and we stated the reasons why it does not apply to this situation. And see: *Vélez* v. *Halco Sales, Inc.*, 97 P.R.R. 426 (1969).

On the grounds stated in the *Serralta* case, *supra*, the above-copied judgment appealed from is reversed and the case remanded to the trial court so that the complaint against third party be answered and for further proceedings consistent with this opinion.

Mr. Chief Justice Negrón Fernández, Mr. Justice Rigau, and Mr. Justice Dávila did not participate herein.

---

[1] Technically speaking this is an appeal for *review*, since final judgment had been rendered insofar as the third-party plaintiff is concerned. But, the petition for certiorari, having been notified to the opposite party and it having been filed within the lawful term of 30 days, we have jurisdiction to render judgment on the merits of the case.